EXHIBIT "C"

**From:** Mike Riley <mriley8@aol.com>
**Date:** February 5, 2013, 2:26:15 PM PST
**To:** "eweber@rcolegal.com" <eweber@rcolegal.com>
**Subject: Baroni**

Ed,

Left a voice message to discuss the above referenced matter. Let me know what time works for you
tomorrow and I will give you a call.

Regards,

Mike

**From:** "Edward T. Weber" <eweber@rcolegal.com>
**Date:** February 6, 2013, 12:04:12 PM PST
**To:** Mike Riley <mriley8@aol.com>
**Subject: RE: Baroni**

Thanks, I received it. I am in today and available around 2:30pm or 4:30pm (I have other conference
calls in between). Or I am in all day tomorrow and available all day after 9:30am to 5pm>

Edward T. Weber
Senior Counsel
Licensed to Practice Law in California
Direct: 714.277.4915
Mobile: 562.316.8413
eweber@rcolegal.com
Routh Crabtree Olsen, P.S.

-----Original Message-----
From: Mike Riley [mailto:mriley8@aol.com]
Sent: Monday, March 11, 2013 2:03 PM
To: Edward T. Weber
Subject: Baroni Matter. Case No 1:12-bk-10986-AA

Ed,

Pursuant to our conversation today, I have again reviewed the POC that you filed on behalf of Bank of
America against my client's property located at 2240 Village Walk Drive, #2311, Henderson, NV. One
of the issues surrounds the June 2010 Corporate Assignment of Deed Of Trust in that the document
ignores the transfer to Lehman Brothers Holdings, Inc.

Considering that we are all seeking clarity, I was informed that an internal investigation was conducted by Wells Fargo's Corp. Trust Dept. concerning the apparent conflicts with the Lehman transfer.  The results were to be disclosed but have not yet been forwarded. The investigation documents are discoverable and should be part of the production.  Accordingly, when you speak with Wells Fargo please be advised that I am still seeking the documents requested under the 2004 subpoena that were due on January 31, 2013.  Please advise the date Wells Fargo will be producing the discovery documents.

Kind Regards,

Mike Riley

**From:** Mike Riley <mriley8@aol.com>
**Date:** March 15, 2013, 12:00:50 PM PDT
**To:** eweber@rcolegal.com
**Subject: 2004 Discovery Request**

Ed,

I left a message for you yesterday. Pursuant to my email on Monday, March 11th, please indicate if your client intends to respond to our 2004 discovery
request.


Thank you for your attention to this matter.

Mike Riley


**From:** "Edward T. Weber" <eweber@rcolegal.com>
**Date:** March 15, 2013, 5:05:40 PM PDT
**To:** Mike Riley <mriley8@aol.com>
**Subject: RE: 2004 Discovery Request**


yes they do, I will be in touch, thanks.

Edward T. Weber
Senior Counsel
Licensed to Practice Law in California
Direct: 714.277.4915
Mobile: 562.316.8413
eweber@rcolegal.com
Routh Crabtree Olsen, P.S.

-----Original Message-----
From: Mike Riley [mailto:mriley8@aol.com]
Sent: Tuesday, March 19, 2013 9:06 AM
To: Edward T. Weber
Subject: Re: 2004 Discovery Request

Ed,

As time is short for the appropriate filings and an additional time has now gone by, it is essential I receive the 2004 response. Please respond today in writing when you will provide these requested documents.

Regards,

Mike Riley


**From:** "Edward T. Weber" <eweber@rcolegal.com>
**Date:** March 19, 2013, 2:24:58 PM PDT
**To:** Mike Riley <mriley8@aol.com>
**Cc:** Crystal Dalton <cdalton@rcolegal.com>
**Subject: RE: 2004 Discovery Request**

I have notified our client and it is our intent to provide the documents.  Do I understand from the most recent filings that you obtained another order requiring production on 3/27 and an appearance on 4/3?  Let me know.  Thanks.

Edward T. Weber
Senior Counsel
Licensed to Practice Law in California
Direct: 714.277.4915
Mobile: 562.316.8413
eweber@rcolegal.com
Routh Crabtree Olsen, P.S.


**From:** "Edward T. Weber" <eweber@rcolegal.com>
**Date:** 21 March 2013 02:18:42 p.m. PDT
**To:** Mike Riley <mriley8@aol.com>
**Cc:** Suzy Sidote <SSidote@rcolegal.com>, Crystal Dalton <cdalton@rcolegal.com>
**Subject: RE: Baroni Matter. Case No 1:12-bk-10986-AA**

Hi Mike,

Just an update.

I am working with WF and trying to find out what they will produce and when so I can give you advance warning, and then of course when I get them, I will forward that to you. Since I am bypassing the servicer and going to them directly, I am dealing with someone on an escalated basis and that person is not in today, but it may be tomorrow before I get some definite info.

In the meantime, I wanted to clarify about the new production date and appearance. You filed another motion concerning this property and obtained an order to produce and appear, with the production date to be March 29 and appearance for 4/3. But this was not filed as to WF. This was directed at Countrywide Home Loans, Inc and Bank of America, right? I was confused the other day when I first saw it. I thought you re-filed against WF for this property. But you did not re-file as to WF, correct? I didn't see one anyway. The production we are discussing is from the prior order and prior production date of January 31, right? That's the way I see it now and I just want to make sure we are on the same page with this. Please confirm or correct me on all that. (Who's on first, What's on second....because I don't know...)

Assuming I have it all correct now, to confirm, I have been asked by WF to represent them directly concerning that first production directed at them. I have contact Bank of America about the new one and informed them of the production date and appearance, etc. But I have not heard back from them just yet as to whether or not they will have me handle that. Sometimes they will defer to in-house counsel or other outside counsel. Just because my office prepared the POC, does not always mean they will have me respond to this. Of course, I have advised them of the urgency of the matter and that regardless of who is handling it, they need to get on it. If I hear back in that regard one way or another, I will let you know.

If I'm missing anything or you need something further, please let me know.

Thanks.

Ed

Edward T. Weber
Senior Counsel
Licensed to Practice Law in California
Direct: 714.277.4915
Mobile: 562.316.8413
eweber@rcolegal.com
Routh Crabtree Olsen, P.S.

-----Original Message-----
From: Mike Riley <mriley8@aol.com>
To: eweber <eweber@rcolegal.com>
Sent: Thu, Mar 28, 2013 1:03 pm
Subject: 2004 Discovery

Ed,

Please contact me today on the status of discovery. Thanks.

Mike Riley


**From:** "Edward T. Weber" <eweber@rcolegal.com>
**Date:** April 1, 2013, 9:33:03 AM PDT
**To:** Mike Riley <mriley8@aol.com>
**Cc:** Crystal Dalton <cdalton@rcolegal.com>
**Subject: RE: 2004 Discovery - Baroni**

Mike,

Wells Fargo is wokring hard on the documents on the first matter and the prior order.  They are being as
diligent as possible, I've raised the alarm and they realize its urgent and they are doing everything they
can.

On the current order, Bank of America is asking for an extension as they are trying to get it together to
get someone assigned and gather info and documents, but they are experiencing difficulty due to time
contraints.  Again, I have escalated to management and they are working diligently as well.  Can we
agree on a specific date for the production and the examination to be extended to, that way we don't let it
go by and into a hole like with the WF order, and that way they will have something still in front of
them?  Perhaps about 3 weeks?  Let me know.

Thanks.

Edward T. Weber
Senior Counsel
Licensed to Practice Law in California
Direct: 714.277.4915
Mobile: 562.316.8413
eweber@rcolegal.com

Intentionally Omitted

EXHIBIT "D"

EXHIBIT "E"

SEC Info   Home   Search   My Interests   Help   Sign In   Please Sign In

**Structured Adjustable Rate Mortgage Loan Trust Series 2005-17 · 8-K · For 8/12/05 · EX-4**

Filed On 8/12/05, 3:54pm ET · Accession Number 950116-5-2757 · SEC File 333-113475-17

EX-4 — Exhibit 4.1
Exhibit Table of Contents

1  Last Page · Table of Contents
13  Trust Agreement
14  The Certificates
14A  Article I Definitions
14B  Section 1.01 Definitions
18  Ada
19  Adverse REMIC Event
19A  Assumption
21  Book Entry Certificates
22  Cede
22A  Certificate Account
23  Clearing Agency
23A  Code
24  Collection Account
24B  Commission
28  Direct Obligations
28B  Disqualified Organization
28C  Fannie Mae
29  Escrow Account
29A  Event of Default
30  Executive Officer
31  Fannie Mae Certificate
33  Independent
34  Insurance Proceeds
34A  Least Possible Maturity Date
34B  Lender
34C  Master Servicer
34D  Mortgage File

www.secinfo.com/$form.q3dsa.h#HRNClO



















































































































EXHIBIT "F"

(b) In connection with such transfer and assignment, the Depositor does hereby deliver to, and deposit with, or cause to be delivered to and deposited with, the Trustee, and/or the Custodian acting on the Trustee's behalf, the following documents or instruments with respect to each Mortgage Loan (each a *"Mortgage File"*) so transferred and assigned (other than the Participations):

(i) with respect to each Mortgage Loan, the original Mortgage Note endorsed without recourse in proper form to the order of the Trustee, or in blank (in each case, with all necessary intervening endorsements as applicable);

(ii) the original of any guarantee, security agreement or pledge agreement relating to any Additional Collateral and executed in connection with the Mortgage Note, assigned to the Trustee;

(iii) with respect to each Mortgage Loan other than a Cooperative Loan, the original recorded Mortgage with evidence of recording indicated thereon and the original recorded power of attorney, if the Mortgage was executed pursuant to a power of attorney, with evidence of recording thereon or, if such Mortgage or power of attorney has been submitted for recording but has not been returned from the applicable public recording office, has been lost or is not otherwise available, a copy of such Mortgage or power of attorney, as the case may be, certified to be a true and complete copy of the original submitted for recording. If, in connection with any Mortgage Loan, the Depositor cannot deliver the Mortgage with evidence of recording thereon on or prior to the Closing Date because of a delay caused by the public recording office where such Mortgage has been delivered for recordation or because such Mortgage has been lost, the Depositor shall deliver or cause to be delivered to the Trustee (or its custodian), in the case of a delay due to recording, a true copy of such Mortgage, pending delivery of the original thereof, together with an Officer's Certificate of the Depositor certifying that the copy of such Mortgage delivered to the Trustee (or its custodian) is a true copy and that the original of such Mortgage has been forwarded to the public recording office, or, in the case of a Mortgage that has been lost, a copy thereof (certified as provided for under the laws of the appropriate jurisdiction) and a written Opinion of Counsel acceptable to the Trustee and the Depositor that an original recorded Mortgage is not required to enforce the Trustee's interest in the Mortgage Loan;

(iv) the original of each assumption, modification or substitution agreement, if any, relating to the Mortgage Loans, or, as

to any assumption, modification or substitution agreement which cannot be delivered on or prior to the Closing Date because of a delay caused by the public recording office where such assumption, modification or substitution agreement has been delivered for recordation, a photocopy of such assumption, modification or substitution agreement, pending delivery of the original thereof, together with an Officer's Certificate of the Depositor certifying that the copy of such assumption, modification or substitution agreement delivered to the Trustee (or its custodian) is a true copy and that the original of such agreement has been forwarded to the public recording office;

50

EXHIBIT "G"

**Section 10.02. Prohibited Transactions and Activities.**

Neither the Depositor, the Master Servicer nor the Trustee shall sell, dispose of, or substitute for any of the Mortgage Loans, except in a disposition pursuant to (i) the foreclosure of a Mortgage Loan, (ii) the bankruptcy of the Trust Fund, (iii) the termination of the REMIC holding such Mortgage Loan pursuant to Article VII of this Agreement, (iv) a substitution pursuant to Article II of this Agreement, or (v) a repurchase of Mortgage Loans pursuant to Article II of this Agreement, nor acquire any assets for any REMIC, nor sell or dispose of any investments in the Certificate Account for gain, nor accept any contributions to any REMIC after the Closing Date, unless it has received an Opinion of Counsel (at the expense of the party causing such sale, disposition, or substitution) that such disposition, acquisition, substitution, or acceptance will not (a) affect adversely the status of such REMIC as a REMIC or of the Certificates other than the Residual Certificates as the regular interests therein, (b) affect the distribution of interest or principal on the Certificates, (c) result in the encumbrance of the assets transferred or assigned to the Trust Fund (except pursuant to the provisions of this Agreement) or (d) cause such REMIC to be subject to a tax on prohibited transactions or prohibited contributions pursuant to the REMIC Provisions.

150

EXHIBIT "H"











